No. 114—2384.   Chicago West Division Ry. Co. v. Lam-bert.   This was an action on the case, brought by Mary Louisa

Lambert against the Chicago West Division Railway Company, to recover damages for a personal injury suffered by the plaintiff while alighting from one of the defendant's cars. The defendant pleaded not guilty, and at the trial the jury found the defendant guilty and assessed the plaintiff's damages at $6,000, and for this sum and costs the plaintiff had judgment. The evidence shows that on the 13th day of August, 1882, the plaintiff was a passenger on one of the defendant's cars running on Halsted street, Chicago, and that, on alighting from said car at the corner of Harrison street, she fell and received the injury complained of. The evidence as to the circumstances of the injury is very conflicting. The car in question was one of the open cars used by the defendant in summer, having a foot board running the whole length of each side. The plaintiff's evidence tends to show that she was riding in company with her husband and having a small child in her arms; that the car stopped at Harrison street for passengers to alight; that her husband got off first, and that as she was stepping from the foot board down to the ground, the car was suddenly started, whereby she was violently thrown down and injured. The defendant's witnesses, on the other hand, testified that the car was standing still all the time the plaintiff was endeavoring to alight, and until a considerable time after she had fallen; that the car came to a halt before she left her seat, and was not started or moved again until after the plaintiff had been taken from the ground and carried into a neighboring drug store. Where evidence is thus conflicting, it is peculiarly the province of the jury to decide the conflict and find the facts at issue. Appellate courts may reform the abuses and sometimes correct the errors of the jury, but it should not undertake to perform their functions. Finding no material error in the rulings of the court in the instructions to the jury, or in relation to the admission or exclusion of evidence, the judgment is affirmed. Opinion by BAILEY, P. J. Judge below, JOHN G. ROGERS. Attorneys, for appellant, Messrs. WM. H. & J. H. MOORE; for appellee, Messrs. BRANDT & HOFFMAN. Opinion filed July 28, 1886.